# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ELLIOTT D. WORKMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-19-326-SPS |
| | ) |
| **ANDREW M. SAUL,** | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER GRANTING
## MOTION TO DISMISS

This matter is before the Court on the Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 15]. The Plaintiff, Elliott D. Workman, instituted this action against the Defendant upon denial of his application for benefits under Title II and Title XVI of the Social Security Act. The Defendant now seeks dismissal based on the statute of limitations. For the reasons set forth below, the Motion to Dismiss is hereby GRANTED.

On August 11, 2011, the Plaintiff protectively applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. *See* Docket No. 15, Ex. 1, pp. 8-12. His applications were denied. An ALJ conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated January 24, 2014. *See* Docket No. 15, Ex. 6, pp. 29-41.

The Appeals Council denied review, but this Court reversed the ALJ's decision in Case No. CIV-15-196-KEW and remanded the case for further proceedings. *See* Docket No. 15, Ex. 8, pp. 44-46, and Ex. 9, pp. 47-58. Thereafter, the ALJ issued a partially favorable decision on July 25, 2018 finding that the claimant was disabled for a closed period from March 15, 2011 through October 30, 2012. *See* Docket No. 15, Ex. 11, pp. 62-85.

The Notice of Decision enclosed with the most recent opinion by the ALJ informed the Plaintiff, *inter alia*, that he had the right to file written exceptions with the Appeals Council and the right to file an appeal in federal court. With regard to filing of exceptions, the Notice of Decision advised the Plaintiff as follows:

> You must file your written exceptions with the Appeals Council **within 30 days** of the date you get this notice. The Appeals Council assumes that got this notice within **5** days after the date of the notice unless you show that you did not get it within the **5**-day period.

*See* Docket No. 15, Ex. 11, p. 62.

Regarding the right to file suit in federal court, the Notice of Decision advised the Plaintiff as follows:

> If you do not file written exceptions and the Appeals Council does not review [the ALJ's] decision on its own, [the] decision will become final on the **61**$^{st}$ day following the date of this notice. After [the] decision becomes final, you will have **60** days to file a new civil action in Federal district court. You will lose the right to a court review if you do not file a civil action during the **60**-day period starting with the day [the] decision becomes final.

*See* Docket No. 15, Ex. 11, p. 63.

On September 20, 2018, the Plaintiff submitted a form to the Appeals Council indicating that he was "appealing that his eligibility ended on October 30, 2012." *See*

Docket No. 15, Ex. 12, pp. 86-87. In a letter dated May 13, 2019, the Appeals Council requested that the Plaintiff provide proof that he submitted written exceptions within thirty days of the date he received the ALJ's July 25, 2018 decision. *See* Docket No. 15, Ex. 13, pp. 88-89. On July 30, 2019, after receiving no additional information from the Plaintiff, the Appeals Council advised him that his September 20, 2018 exceptions were untimely and that the ALJ's July 25, 2018 decision was the final decision of the Commissioner after remand. *See* Docket No. 15, Ex. 14, pp. 90-91. The Plaintiff filed his complaint in the present action in this Court on September 26, 2019 seeking judicial review of the ALJ's July 2018 decision. *See* Docket No. 2.

The Commissioner contends that because the Plaintiff did not file timely exceptions with the Appeals Council, the ALJ's decision became final on September 24, 2018, and the Plaintiff had until November 23, 2018 to file suit herein. Because the Plaintiff did not file his complaint until September 26, 2019, the Commissioner concludes that this action is untimely and therefore barred by the statute of limitations. The Plaintiff contends that his September 20, 2018 submission to the Appeals Council was a request for review (as opposed to a written exception) and as such, the Appeals Council was required to notify him of the action it was taking in order for the Commissioner's decision to be final. He thus asserts that this suit was timely because it was filed within sixty days of his receipt of the Appeals Council's July 30, 2019 letter notifying him that the ALJ's July 25, 2018 decision was the Commissioner's final decision. Additionally, the Plaintiff asserts that the Commissioner lead him to believe an Appeals Council review was pending because he was not notified that his request for review was untimely or otherwise inappropriate and the

Appeals Council accepted additional medical evidence in April 2019, thus he delayed filing his complaint. Neither of these arguments is persuasive, and the Court accordingly finds that the action was untimely and should be dismissed as barred by the statute of limitations.

The procedure for appealing an ALJ's decision depends on the posture of the case. An ALJ's *initial* decision must first be appealed to the Appeals Council by filing a written request for review within sixty days of the ALJ's decision, starting on the day it is received. *See* 20 C.F.R. §§ 404.967, 404.968, 416.1467, 416.1468. Upon receipt of a request for review of an ALJ's initial decision, the Appeals Council may grant the request and then either issue its own decision or remand the case to an ALJ, deny the request, or dismiss the request. *See* 20 C.F.R. §§ 404.967, 416.1467. In this instance, the Appeals Council must notify the Plaintiff via mail of the action it takes. *See* 20 C.F.R. §§ 404.967, 416.1467, 404.973, 416.1473, 404.979, 416.1479. If the Plaintiff then seeks judicial review of the Appeal's Council's final decision, he or she must file suit within 60 days of "receiv[ing]" the Appeals Council's notice. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210(c). But for cases that have been *remanded* by a federal court for further proceedings, there is no requirement that the Plaintiff obtain Appeals Council review of the ALJ's new decision prior to seeking judicial review of it. Instead, the ALJ's decision after remand automatically becomes the final decision of the Commissioner unless the Appeals Council assumes jurisdiction, either based on the Plaintiff's timely written exceptions to the ALJ's decision or on the Appeals Council's own authority. *See* 20 C.F.R. §§ 404.984(a), 416.1484(a). Exceptions to the ALJ's decision must be filed within thirty days of the date the Plaintiff receives the decision, unless a timely request for extension has been granted.

*See* 20 C.F.R. §§ 404.984(b)(1), 416.1484(b)(1). If the Plaintiff does not file timely exceptions and the Appeals Council does not assume jurisdiction on its own authority within sixty days of the date of the ALJ's new decision, the ALJ's new decision becomes the final decision of the Commissioner after remand on the sixty-first day following the decision. *See* 20 C.F.R. §§ 404.984(c) and (d), 416.1484(c) and (d). Although the ALJ must mail notice of his or her decision on remand to the Plaintiff, the Appeals Council is not required to mail notice when it declines to assume jurisdiction. *Compare* 20 C.F.R. §§ 404.977(c), 416.1477(c) *with* 20 C.F.R. §§ 404.984(d), 416.1484(d). In other words, the Appeals Council is not required to take any action before a Plaintiff is permitted to seek judicial review of the ALJ's decision on remand.

Under 42 U.S.C. § 405(g), the Plaintiff had sixty days from the date that the ALJ's decision became final to file a civil action challenging the denial of his claim. As set forth above, since the ALJ's decision was on remand, the Plaintiff could appeal the ALJ's July 25, 2018 decision by either filing timely written exceptions to the Appeals Council within thirty days of receiving notice of such decision, or by commencing a civil action within 121 days of such decision. Although the Plaintiff did submit written exceptions, he did so on September 20, 2018, which is within the within the sixty days required for requests for review of initial decisions, but beyond the thirty days required for decisions on remand. Thus, his written exceptions were untimely. Because the Plaintiff did not timely file written exceptions and because the Appeals Council did not assume jurisdiction on its own authority, the ALJ's July 25, 2018 decision became the final decision of the Commissioner after sixty-one days, or on September 24, 2018. Once the Commissioner's decision became

final, the Plaintiff then had sixty days, or until November 23, 2018, to commence an action in federal court. *See* 42 U.S.C. § 405(g). Accordingly, the Commissioner is correct that the Plaintiff's September 26, 2019 complaint was untimely and is thus barred by the statute of limitations.

This statute of limitations is, however, "designed to be unusually protective of claimants . . . Congress has authorized the Secretary to toll the 60-day limit, thus expressing its clear intention to allow tolling in some cases." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986). The *Bowen* court concluded "that application of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'" *Id.* at 480, *quoting Honda v. Clark*, 386 U.S. 484, 501 (1967). And the Tenth Circuit has observed that the statute of limitations "may be equitably tolled *if* the petitioner 'diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007) [emphasis added], *quoting Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). In this case, there is nothing to suggest that the statute of limitations should be equitably tolled. The notice explicitly warned the Plaintiff that he would "lose the right to a court review if you do not file a civil action during the **60**-day period starting with the *day my decision becomes final*." Docket No. 15, Ex. 15, p. 63 [bold in original, italics for emphasis]. The most that can be said in this regard is that the Plaintiff's failure to file within the statute of limitations was the result of excusable neglect, which is insufficient to warrant equitable tolling. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("Federal courts have typically

extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. . . . [T]he principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect."). *See also Holland v. Florida*, 560 U.S. 631, 651-652 (2010) ("[A] garden variety claim of excusable neglect, such as a simple 'miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.") (internal citations and quotations omitted). Because the Plaintiff has not demonstrated that his "failure to timely file was caused by extraordinary circumstances beyond his control[,]" *Fleming*, 481 F.3d at 1254, *quoting Marsh*, 223 F.3d at 1220, the undersigned Magistrate Judge finds that equitable tolling is inappropriate here.

Accordingly, IT IS ORDERED that the Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 15] is hereby GRANTED, and the case is hereby DISMISSED WITH PREJUDICE as untimely.

**DATED** this 26th day of February, 2020.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**